STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2009 APR 10 A 8: 43

CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-08-534

STATE OF MAINE

v.                                                      **DECISION**

BRIAN ARBO,

      Defendant

Before the court is the defendant's motion to suppress.

Facts

On July 14, 2008, the defendant accompanied an Oakland police officer to Augusta for purposes of taking a polygraph examination. The Oakland police officer had contacted the defendant regarding allegations made against him by the young daughter of a former domestic partner. The police officer had indicated to the defendant that the best way to clear his name was to take a polygraph examination. Months later, the defendant agreed to the examination. The defendant traveled with the police officer to Augusta to take the polygraph examination. During the ride, the Oakland police officer indicated that he did not remember whether they discussed the allegations. The defendant did not indicate whether or not they discussed the allegations during the ride down to the examination.

The defendant and the police officer arrived for the polygraph examination at approximately 9:30 a.m. The defendant indicated in his testimony that he had worked all night and had not slept since 10:00 p.m. the prior evening. However, on the video he indicated that he was tired but had taken naps the day before and had been in bed by 7:00 p.m. and then up at 1:30 a.m. to deliver papers. He also indicated that he had eaten that morning.

The defendant stated that he was aware that he did not have to talk to the polygraph operator. He also acknowledged that the operator told him that they would discuss the results of the test following his completion of the examination. Prior to the examination, the defendant signed a written waiver of his *Miranda* rights. This occurred at 10:30 a.m. (State's Ex. #2.) Following the completion of the polygraph examination, including the polygraph examiner's follow-up questions, the defendant signed a document indicating that he submitted freely to the examination, that he had a right to leave at any time, and that no promises were made to him. (State's Ex. #3.)

The videotape demonstrates that the examination, the pre-examination questions, and the post-examination questions were conducted entirely by the polygrah examiner. The entire interview, both pre-test and post-test questions, was included on the videotape. The videotape (State's Ex. #1) also demonstrates that the defendant was explained his *Miranda* rights and that he signed the document without any sort of coercion or confrontation.

The defendant did not relate any statements regarding any coercion or confrontation that did not appear on the videotape. The videotape shows the entire interaction between the operator and the defendant, including both his oral and written statements. Further, the defendant's written confirmation that he took part in the examination of his own free will was also on the videotape.

Discussion

The defendant argues that although the defendant may have waived his *Miranda* rights to the polygraph examination, he did not waive his *Miranda* rights to the post-polygraph examination. The defendant also argues that the statements were not voluntary. The State argues that the defendant was not in custody requiring *Miranda*

and secondly, that in the event that the court finds that he was in custody the defendant did waive his *Miranda* rights, and finally that the statements given were voluntary.

Custody

After considering all of the factors in this case, the court finds and concludes that the defendant was not in custody when he undertook the polygraph examination and the follow-up questions. In order to find custody, the court must determine that there was an actual formal arrest, restraint on freedom of movement to the degree associated with a formal arrest, or that a reasonable person in the circumstances of the defendant would have believed he was not at liberty to terminate the interrogation and leave. *State v. Higgins*, 2002 ME 77, ¶¶ 12-13, 796 A.2d 50, 54. Objective factors that the court may consider are set out in *State v. Michaud*, 1998 ME 251, 724 A.2d 1222, and include, but are not limited to the following:

> (1) the locale where the defendant made the statements; (2) the party who initiated the contact; (3) the existence or non-existence of probable cause to arrest (to the extent communicated to the defendant); (4) subjective views, beliefs, or intent that the police manifested to the defendant, to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it); (7) whether the suspect was questioned in familiar surroundings; (8) the number of law enforcement officers present; (9) the degree of physical restraint placed upon the suspect; and (10) the duration and character of the interrogation.

*Id.* ¶ 4, 724 A.2d at 1226; *Higgins*, 2002 ME 77, ¶ 13, 796 A.2d at 54-55.

After considering all these factors, the court finds that the defendant was not in custody. The videotape shows that although the polygraph examiner was persistent, he was not confrontational nor was he argumentative during the interview. Furthermore, the examiner made it very clear prior to the examination and during the examination

that the defendant was free to leave and that he was not going to be arrested. On several occasions, the defendant did leave the room for purposes of using the bathroom and prior to leaving did telephone someone to indicate that he was returning to the Oakland Police Department. The defendant was not arrested by the Oakland Police Department at that time.

Waiver of *Miranda*

Notwithstanding the court's determination that the defendant was not in custody, the court will address the defendant's contention that he did not waive his *Miranda* rights to the post-polygraph examination. In determining whether or not there was any waiver of *Miranda*, the court must look at the totality of the circumstances to determine whether the defendant did freely and voluntarily waive his *Miranda* rights. *See Oregon v. Bradshaw*, 462 U.S. 1039, 1046 (1983). *Wyrick v. Fields*, 459 U.S. 42 (1982) and other cases that follow *Wyrick* deal with the situation where the defendant is subjected to custodial interrogation following a polygraph examination. The law quite clearly indicates that the validity of any post-polygraph examination waiver depends upon the totality of the circumstances under which the waiver occurs. *See United States v. Leon-Delfis*, 203 F.3d 103, 111 (1st Cir. 2000). The rule set out in *Wyrick* is not a per se rule but a determination by the court after considering all of the circumstances. Some of the factors that the court may consider are as follows:

(1)     whether the suspect consulted an attorney;

(2)     whether the suspect requested the examination;

(3)     whether the waiver form initially presented clearly indicates that the post-examination questioning is a possibility; and

(4)     whether the post-examination was conducted by the polygraph operator or by investigating officers. *See id.; United States v. Johnson*, 816 F.2d 918, 921 n.4 (3d Cir. 1987); *United States v. Gillyard*, 726 F.2d 1426, 1429 (9th Cir. 1984).

After considering all of the circumstances, the court finds and concludes that the defendant waived his *Miranda* rights regarding the entire process.  The court finds significant the fact that the operator of the polygraph was the same person who conducted the followup examination.  Furthermore, the defendant acknowledged that he knew the polygraph examiner was going to ask him some questions following his completion of the polygraph test.

Also significant is the defendant's waiver, signed prior to the examination and at the completion of the examination wherein he "completely reaffirmed the above agreement [waiver of *Miranda*]".

For the reasons stated above, the court finds and concludes that the defendant knowingly and willfully waived his *Miranda* rights.

Voluntariness

The defendant also argues that the statements given by the defendant in this case did not result from the exercise of his own free will and rational intellect, but resulted from threats, promises or inducements made to him by law enforcement officers during the interrogation. *See, e.g.*, State v. Sawyer, 2001 ME 88, ¶¶ 8-10, 772 A.2d 1173, 175-76.

For many of the reasons stated above, the court finds and concludes that the defendant voluntarily and freely gave the written statement to the police officers.  The oral admission made to the polygraph examiner and the follow-up written statement were not the result of any coercion, promises or threats.  For this reason, the court finds and concludes that the statements given by the defendant were voluntarily and freely given.

## Conclusion

For the reasons stated above, the defendant's motion to suppress is hereby DENIED.

Dated: April ___9___, 2009

Joseph M. Jabar
Justice, Superior Court


Attorney for the State of Maine
Paul Rucha, ADA
95 State Street
Augusta, ME 04330

Attorney for defendant
Jeffrey Towne
179 Main Street  Suite #202
Waterville, ME  04901

STATE OF MAINE                                              SUPERIOR COURT
    vs                                                      KENNEBEC, ss.
BRIAN KEITH ARBO                                            Docket No  AUGSC-CR-2008-00534
8 MONUMENT STREET #2
WINSLOW ME 04901                                            **DOCKET RECORD**

DOB: 12/09/1962
Attorney: JEFFREY TOWNE                     State's Attorney: EVERT FOWLE
         179 MAIN STREET STE 202
         WATERVILLE ME 04901
         PARTIALLY INDIGENT 09/02/2008

## Charge(s)

**1   GROSS SEXUAL ASSAULT                    07/25/2002 OAKLAND**
**Seq 637   17-A  253(1)(B)            Class A**


**2   UNLAWFUL SEXUAL CONTACT                  07/25/2002 OAKLAND**
**Seq 4236  17-A  255(1)(C)            Class C  Charged with INDICTMENT on Supplem**


## Docket Events:

07/16/2008 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 07/16/2008

07/16/2008 Charge(s): 1
        HEARING -  INITIAL APPEARANCE SCHEDULED FOR 09/23/2008 @ 8:00

        NOTICE TO PARTIES/COUNSEL
07/16/2008 BAIL BOND - $1,500.00 UNSECURED BAIL BOND FILED ON 07/16/2008

        Bail Amt:  $1,500
        Date Bailed: 07/14/2008
08/13/2008 Charge(s): 1
        MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/13/2008

        SCREENER IS FINDING THE DEF. PARTIALLY INDIGENT. MOTION WILL NOT GO UP    TO THE JUDGE
        UNTIL COMPLAINT IS FILED.
08/28/2008 Charge(s): 1,2
        SUPPLEMENTAL FILING -  INDICTMENT FILED ON 08/28/2008

08/28/2008 Charge(s): 1
        HEARING -  INITIAL APPEARANCE NOT HELD ON 08/28/2008

08/28/2008 Charge(s): 1,2
        HEARING -  ARRAIGNMENT SCHEDULED FOR 09/23/2008 @ 8:00

09/02/2008 Charge(s): 1
        MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/02/2008
        JOHN  NIVISON , JUSTICE
        COPY TO PARTIES/COUNSEL
09/02/2008 Party(s): BRIAN KEITH ARBO
        ATTORNEY -  PARTIALLY INDIGENT ORDERED ON 09/02/2008

Attorney: JEFFREY TOWNE

09/23/2008 Charge(s): 1,2
HEARING - ARRAIGNMENT HELD ON 09/23/2008
NANCY MILLS , JUSTICE
READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS

09/23/2008 Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/23/2008

09/23/2008 TRIAL - DOCKET CALL SCHEDULED FOR 11/10/2008 @ 2:45

10/16/2008 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/14/2008

10/16/2008 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/05/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL

10/16/2008 MOTION - MOTION FOR PROTECTIVE ORDER FILED BY DEFENDANT ON 10/14/2008

10/16/2008 HEARING - MOTION FOR PROTECTIVE ORDER SCHEDULED FOR 12/05/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL

10/20/2008 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 10/20/2008

10/24/2008 MOTION - MOTION TO CONTINUE GRANTED ON 10/20/2008
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL

10/24/2008 TRIAL - DOCKET CALL CONTINUED ON 10/20/2008
M MICHAELA MURPHY , JUSTICE

11/18/2008 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 11/18/2008

12/04/2008 MOTION - MOTION TO CONTINUE GRANTED ON 12/04/2008
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL

12/04/2008 HEARING - MOTION FOR PROTECTIVE ORDER CONTINUED ON 12/04/2008

12/04/2008 HEARING - MOTION FOR PROTECTIVE ORDER SCHEDULED FOR 01/07/2009 @ 8:30

NOTICE TO PARTIES/COUNSEL

12/04/2008 HEARING - MOTION TO SUPPRESS CONTINUED ON 12/04/2008

12/04/2008 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/07/2009 @ 8:30

NOTICE TO PARTIES/COUNSEL

01/06/2009 Charge(s): 1,2
MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/06/2009

01/06/2009 Charge(s): 1,2
MOTION - MOTION TO CONTINUE GRANTED ON 01/06/2009
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
COPY TO PARTIES/COUNSEL

01/16/2009 HEARING - MOTION TO SUPPRESS CONTINUED ON 01/07/2009

01/16/2009 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/06/2009

01/16/2009 MOTION - MOTION TO CONTINUE GRANTED ON 01/06/2009
        NANCY MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
01/16/2009 HEARING - MOTION FOR PROTECTIVE ORDER CONTINUED ON 01/07/2009

01/16/2009 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 03/05/2009 @ 8:30

        NOTICE  TO PARTIES/COUNSEL
01/16/2009 HEARING - MOTION FOR PROTECTIVE ORDER SCHEDULED FOR 03/05/2009 @ 8:30

        NOTICE  TO PARTIES/COUNSEL
02/05/2009 AUDIT - AUDIT REPORT CHART_OF_ACCOUNT EDI ON 02/05/2009 @ 9:01

        RV APPR ABRV:GF; OLD OVERRIDE CODE:NONE; NEW OVERRIDE CODE:NONE; OLD AMT OVERRIDE:0; NEW
        AMT OVERRIDE:0; USER ID:CWILLARD
03/13/2009 OTHER FILING - OTHER DOCUMENT FILED ON 03/12/2009

        STATE'S MEMORANDUM ON THE MOTION TO SUPPRESS STATEMENTS
03/13/2009 OTHER FILING - OTHER DOCUMENT FILED ON 03/13/2009

        DEFENDANT'S MEMORANDUM OF ARGUMENT MOTION TO SUPPRESS EVIDENCE
04/10/2009 ORDER - COURT ORDER FILED ON 04/10/2009
        JOSEPH M JABAR , JUSTICE
04/10/2009 HEARING - MOTION TO SUPPRESS HELD ON 03/05/2009
        JOSEPH M JABAR , JUSTICE
        Attorney: JEFFREY TOWNE
        DA: PAUL RUCHA
        Defendant Present in Court
04/10/2009 MOTION - MOTION TO SUPPRESS DENIED ON 04/10/2009
        JOSEPH M JABAR , JUSTICE
        COPY TO PARTIES/COUNSEL
04/10/2009 Charge(s): 1,2
        TRIAL - DOCKET CALL SCHEDULED FOR 06/02/2009

## Receipts

| 09/22/2008 | Attorney Payment | $50.00 | CK | paid. |
| 02/05/2009 | Attorney Payment | $150.00 | CK | paid. |

A TRUE COPY
ATTEST: _____ _____ _____
                    Clerk